IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| GARY A. ZIERKE, | ) | 4:15CV3096 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Gary A. Zierke's "Motion for Error Coram Nobis," brought pursuant to 28 U.S.C. 1651(a). (Filing No. 1.) For the reasons set forth below, this case will be dismissed for lack of jurisdiction.

## I. BACKGROUND

Zierke is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. (Filing No. 2 at CM/ECF p. 3.) He is serving a 360-month federal prison sentence imposed by me on April 23, 2009, in *United States v. Zierke*, No. 4:08-cr-03067-RGK-DLP-1.

In this case, Zierke is attempting to challenge three Nebraska state court criminal convictions that predate the federal conviction for which he is currently incarcerated. Zierke claims the three convictions were obtained in violation of his right to the effective assistance of counsel. (Filing No. 1 at CM/ECF p. 2.) Zierke further claims these convictions were used to enhance his prison sentence in his federal criminal case. For relief, Zierke seeks an order vacating these three state court convictions. (Filing No. 1 at CM/ECF p. 1.)

It appears from Zierke's allegations that he has fully served the sentences he received for the three state criminal convictions. As such, Zierke recognizes that he cannot challenge the convictions by means of a habeas corpus petition brought

pursuant to 28 U.S.C. § 2254 because he is no longer in custody pursuant to those convictions. (Filing No. 1 at CM/ECF p. 4.) *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam ) ("[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States'"), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court). Thus, he argues a petition for a writ of coram nobis is the proper vehicle for seeking relief from these convictions. (Filing No. 1 at CM/ECF p. 3.)

## II. DISCUSSION

Zierke cannot use a petition for a writ of coram nobis in this case to challenge his state criminal convictions. In *United States v. Morgan*, the Supreme Court held a writ of coram nobis may be used to correct errors that occurred during the course of a criminal proceeding, but *only in the court of conviction as part of the original criminal case*. 346 U.S. 502, 505-511 (1954). *See also Booker v. State of Arkansas*, 380 F.2d 240, 243 (8th Cir. 1967) ( "[p]rocedurally, coram nobis is a step in the original criminal proceeding itself"); *Trackwell v. Nebraska*, 126 Fed.Appx. 336 (8th Cir. 2005) (unpublished opinion) ("a defendant may seek coram nobis relief only from the court that rendered judgment"). In other words, "[b]ecause coram nobis relief must be sought in the court of conviction, such relief is not available in *federal court*, for individuals who are challenging a conviction entered in a *state court*." *Borrero v. United States*, No. 08-315(DSD/FLN), 2008 WL 2357834, *2 (D. Minn. June 5, 2008) (collecting cases).

For these reasons, the court finds Zierke cannot challenge his state criminal convictions by seeking a writ of coram nobis in this court. Coram nobis relief is not available in federal court to challenge his state criminal convictions because such relief may only be granted by the court in which Zierke was convicted. Moreover, to the extent Zierke is using this action to challenge the validity of his *current* federal prison sentence, his claims cannot be entertained in a coram nobis proceeding,

2

because 28 U.S.C. § 2255 provides the exclusive means by which a federal prisoner can collaterally attack the validity of his sentence.

IT IS THEREFORE ORDERED that:

1. Zierke's "Motion for Error Coram Nobis" (Filing No. 1) is denied, and this case is dismissed in its entirety.

2. Zierke's request for leave to proceed in forma pauperis (Filing No. 2) is denied. The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, the zierke shall be obligated to pay, and the agency having custody of him shall forward to the clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

3. The court will enter judgment by a separate document.

DATED this 23rd day of November, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.